USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SHANE VELASQUEZ,                                            :
                                    Petitioner,             :
                                                            :       11 Civ. 7878 (LGS)
            -against-                                       :
                                                            :       OPINION AND ORDER
JOHN LEMPKE,                                                :
                                    Respondent.             :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Petitioner Shane Velasquez brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his jury conviction on one count of robbery in the first degree, one count of robbery in the second degree, one count of burglary in the first degree and one count of burglary in the second degree in the New York State Supreme Court. On January 26, 2012, the Court referred this case to Magistrate Judge Michael H. Dolinger for a report and recommendation. On November 6, 2013, Judge Dolinger issued the Report and Recommendation (the "Report"), recommending that the petition be denied. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Petitioner had fourteen days to object to the report. To date, Petitioner has not filed any objections. For the reasons stated below, the Report is adopted, and the petition is denied.

## BACKGROUND

      The following facts are taken from the Report.

      The events that gave rise to the charges against Petitioner occurred on February 9, 2006, in the Washington Heights neighborhood of New York City. The Government alleged that Petitioner and three other men forced their way into the apartment of an individual they believed to be a drug dealer, restrained the occupant using a television cable, and attempted to leave with

drugs, cash and personal items when they were intercepted by police officers. Petitioner was charged with one count of second-degree possession of a controlled substance, one count each of first- and second-degree robbery, and one count each of first- and second-degree burglary. The jury in Petitioner's first trial acquitted him of the drug possession charge but failed to reach a verdict on the remaining charges, resulting in a mistrial.

In the retrial, Defense counsel made a motion at the close of evidence to dismiss the charges on the ground that the Government had "failed to make out a prima facie case based on any credible evidence," which the trial court denied. Defense counsel also urged the court to instruct the jurors that, should they find witnesses Della Garrett and Bertram Chavous to be accomplices in the crime, New York law requires their testimony to be corroborated by additional evidence. The court instructed the jurors about the evidentiary rule specifically with respect to a third witness, Vincent Sanchez, who had pleaded guilty to the crime, and then said:

> [I]f you find any other witness who testified at this trial to also have been an accomplice, . . . then you must also apply that same rule which you apply to Vincent Sanchez to that witness or witnesses. I am telling you, as a matter of law, Vincent Sanchez is an accomplice, and you must apply this rule to his testimony. It's up to you to decide whether any witness in this case, based on the evidence was also an accomplice.

Defense counsel did not object to this charge.

The jury returned a guilty verdict on all counts. Defense counsel moved to have the verdict set aside as against the weight of the evidence, which the court denied. The court sentenced Petitioner to nine years of incarceration and five years of post-release supervision.

Petitioner appealed his conviction on three grounds: (1) the evidence adduced at trial was legally insufficient because four of the witnesses were not credible; (2) the jury verdict was against the weight of the evidence; and (3) the trial court erred by not specifically naming witnesses Garrett and Chavous in its charge about accomplice testimony requiring corroboration.

The Appellate Division ruled that Petitioner did not preserve his legal sufficiency claim and that, even if he had, it would have failed on the merits because the verdict was based on legally sufficient evidence.  *People v. Velasquez*, 914 N.Y.S.2d 28, 79 A.D.3d 602 (1st Dep't 2010). The Appellate Division also found that Petitioner did not preserve his jury charge claim and that, even if he had, the jury "could readily determine from the evidence presented, as well as defendant's summation, that the accomplice status of two particular witnesses was at issue."  *Id.* at 603.  Petitioner sought leave to appeal to the Court of Appeals, which was denied on March 28, 2011.

In his habeas petition, Petitioner asserts the same three claims.

**STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  8 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made to the magistrate judge, the district court will review the report strictly for clear error.  *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)).  Also, "a

district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. App'x 230, 232 (2d Cir. 2006).

Habeas relief under Section 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

## **DISCUSSION**

The Report recommended that the petition be denied. The Report found that Petitioner's legal sufficiency and jury charge claims are procedurally deficient. Where the highest state court has addressed a federal law claim and disposed of it on an "independent and adequate" state law ground, *Cone v. Bell*, 556 U.S. 449, 456 (2009), federal habeas review is barred unless the petitioner "shows both cause and prejudice or a fundamental miscarriage of justice." *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006). State procedural rules can qualify as independent and adequate state law grounds for the purpose of barring federal habeas claims. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In the present case, the Report concluded that because Petitioner was found by the state appellate court to have failed to preserve his legal sufficiency and jury charge claims pursuant to New York's contemporaneous-objection rule, N.Y. Crim. Pro. L. 470.05(2), they are not subject to habeas review by this Court. Furthermore, Petitioner

did not show cause for his default or demonstrate a fundamental miscarriage of justice in either claim.

The Report recommended dismissing Petitioner's weight-of-the-evidence claim as not cognizable on habeas review because Petitioner's argument, which relies on Section 470.15 of New York's Criminal Procedure Law, raises exclusively issues of state law. Federal habeas review is permissible only for alleged violations of the Constitution or federal law. 28 U.S.C. § 2254(a).

## CERTIFICATE OF APPEALABILITY

The Report recommended, and the Court agrees, that a certificate of appealability should not be issued.

## CONCLUSION

Finding no clear error, and for the reasons stated above, the Court adopts the Report in its entirety. Petitioner Velasquez's petition for a writ of habeas corpus is hereby DENIED.

The Clerk of Court is directed to close this case.

Dated: February 18, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE